## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**DILLARD'S, INC., and DILLARD**
**INVESTMENT CO., INC.**                                   **PLAINTIFFS**

**VS.**                                   **Case No. 4-08-CV-0470 BSM**

**NORSTAN COMMUNICATIONS, INC.**                        **DEFENDANT**


### STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY

This Stipulated Protective Order Governing Confidentiality is entered by the Court in the above–captioned action for the purpose of establishing the terms and conditions herein set forth, as agreed upon by the parties.

**WHEREAS**, the parties in this action and certain non–party witnesses, who may become bound by this Stipulated Protective Order Governing Confidentiality, may from time to time be required to produce documents or provide testimony pursuant to requests made by the parties herein;

**WHEREAS**, some of these documents or testimony may contain confidential information within the scope of this protective order; and

**WHEREAS**, each party and/or non–party witness may desire to preserve the protected status of any such material and/or information, but at the same time, be required to make such information available for use in the litigation between the parties.

It is therefore **ORDERED, ADJUDGED** and **DECREED** that:

## MATERIALS COVERED

1.     This Stipulated Protective Order Governing Confidentiality shall apply to all

confidential and proprietary information and documents produced or disclosed by Plaintiffs,

Dillard's, Inc. and Dillard Investment Co., Inc. (collectively, "Dillard's), Defendant, Norstan

Communications, Inc. ("Norstan"), or any non–party which produces or discloses such

information and documents, whether pursuant to a subpoena served in this action or any other

court order or process, including information and documents disclosed:

      (a)     through discovery or at any hearing;

      (b)     in any pleading, document, affidavit, brief, motion, transcript, or other

writing; or

      (c)     in testimony given in a deposition or hearing.

The information and documents described in this paragraph, including any copies, notes,

abstracts or summaries of such information, shall hereinafter be referred to as "Litigation

Materials."

2.     "Confidential" information shall mean and refer to any Litigation Materials

designated as "Confidential" by a producing party in the manner set forth in Paragraph 6 below.

As used in Paragraph 1 and elsewhere, the term "document" shall have the broadest meaning

possible under the Federal Rules of Civil Procedure.  The "producing party" shall mean any party

and/or non–party who either produces or testifies as to confidential and/or proprietary

information or who asserts a confidentiality interest in information produced or testimony given

by another in this action.

3.     Litigation Materials which may be designated "Confidential" shall be limited to

those that, in the good faith belief of a party and/or non–party, contain or refer to trade secrets

2

and nonpublic financial information regarding the producing party or its affiliates if such trade secrets or nonpublic financial information relate in any way to the business relationship between the parties.

4.      "Confidential-Attorney's Eyes Only" information shall mean and refer to any Litigation Materials designated as "Confidential-Attorney's Eyes Only" by a producing party in the manner set forth in Paragraph 6 below.

5.      Litigation Materials which may be designated "Confidential - Attorney's Eyes Only" shall be limited to those that, in the good faith belief of a party and/or non-party, contain or refer to (a) trade secrets and nonpublic financial information unrelated in any way to the business relationship between the parties; (b) any party's costs and/or margins; (c) Norstan's prices to customers other than Dillard's; and (d) any other information of a confidential or proprietary nature, the disclosure of which would or might be harmful to the proprietary or business interests of the producing party or its affiliates.

## METHOD OF DESIGNATION

6.      Dillard's, Norstan and any non–party which produces information and documents in this action may designate as "Confidential" or "Confidential-Attorney's Eyes Only" any Litigation Materials in the following manner:

(a)      Any producing party shall mark any documents or items it believes, in good faith, may be designated "Confidential" or "Confidential-Attorney's Eyes Only" pursuant to this Order with appropriate confidentiality markings at the time of production.  Initial failure, by inadvertence or otherwise, to mark a particular item as "Confidential" or "Confidential-Attorney's Eyes Only" shall not preclude a subsequent marking of such item.

3

(b)     Deposition or other testimony taken in this action, including any document marked for identification during a deposition, may be designated "Confidential" or "Confidential-Attorney's Eyes Only" by any one of the following means:  (i) by stating orally on the record that the information is "Confidential" or "Confidential-Attorney's Eyes Only" on the day the testimony is given; (ii) by sending written notice to all parties herein designating information as "Confidential" or "Confidential-Attorney's Eyes Only" within ten (10) business days after the transcript of the testimony is delivered to the party designating the testimony or document as confidential; or (iii) by stamping or writing the legend "Confidential" or "Confidential-Attorney's Eyes Only" on the relevant portion of the transcript or document at or before the signing of the transcript by the witness or as soon thereafter as practicable and providing notice to the parties herein of such marking of the transcript or document.  All information disclosed during a deposition shall be deemed to have been designated "Confidential-Attorney's Eyes Only" for ten (10) business days after the transcript of the deposition has been delivered, whether or not any portion of the transcript or document has been so designated previously, except upon agreement by the parties and any relevant third parties.  Written notices of "Confidential" or "Confidential-Attorney's Eyes Only" information contained in a deposition transcript shall be attached by each party to the face of the relevant transcript and each copy thereof in its possession, custody or control.

(c)     Any party or non-party may designate a document produced by a non-party pursuant to subpoena, order of court, or otherwise as "Confidential" or "Confidential-Attorney's Eyes Only" by sending written notice to all parties herein so designating such document within ten (10) business days after the document is delivered

to the party so designating the document. All documents produced by non–parties shall be deemed to have been designated "Confidential-Attorney's Eyes Only" for ten (10) business days after the documents have been delivered to the party requesting such documents, except upon agreement by the parties and any relevant third parties, whether or not any portion of the document has been so designated previously.

## TREATMENT OF "CONFIDENTIAL" AND "CONFIDENTIAL-ATTORNEY'S EYES ONLY" MATERIALS

7.     No copies of Litigation Materials designated as "Confidential" or "Confidential-Attorney's Eyes Only" shall be made except to the extent necessary for the preparation and conduct of this litigation, including discovery, motion practice, evidentiary hearings, trial and appeal. Any person responsible for making such copies must ensure that the copies adequately reflect any "Confidential" stamp or legend thereon.

8.     Litigation Materials designated "Confidential," including any copies, notes, abstracts or summaries thereof, shall be maintained in confidence by the person to whom such materials are produced or disclosed, shall be used only in connection with this civil action and may not be used for any other purpose, and shall not be disclosed to any person, except as follows:

(a)     The Court and its staff in connection with this civil litigation;

(b)     any court reporter who records any deposition or other testimony in this case;

(c)     any outside counsel (i.e., an attorney who is not an employee of a party) acting on behalf of a party in the above–captioned action;

(d)     any paralegal, clerical employee, and/or law clerk retained or employed and supervised by outside counsel who is working on the prosecution or defense of this action;

(e)     any officer or director of Dillard's or Norstan;

(f)     any corporate employee of the parties and their affiliated entities who has been directed to assist outside counsel's preparation with respect to the litigation between the parties or testify on behalf of Dillard's or Norstan;

(g)     any actual or prospective expert or consultant (not an employee of any party) identified and/or retained by any party to assist it in the litigation between the parties; and

(h)     persons noticed for depositions or designated as actual or prospective trial witnesses, solely to the extent necessary to prepare for and give the deposition or testimony.

9.     Litigation Materials designated "Confidential-Attorney's Eyes Only," including any copies, notes, abstracts or summaries thereof, shall be maintained in confidence by the person to whom such materials are produced or disclosed, shall be used only in connection with this civil action and may not be used for any other purpose, and shall not be disclosed to any person, except to persons identified in Paragraph 8(a) - (d) and 8(g), and to one designated business person for each party, to be selected for the purpose of assisting legal counsel and/or preparing for trial with regard to technical matters only.

10.     In the event that a party desires to disclose to any person not enumerated in Paragraphs 8 and 9 any document designated as "Confidential" or "Confidential-Attorney's Eyes Only," respectively, such party shall provide at least seven (7) business days' advance notice in

writing to the producing party. Should the producing party object in writing to the disclosure of such confidential information to that person, the party seeking disclosure may seek an order from the Court. Until the Court resolves the application, no such disclosure shall be made.

11.     Each person to whom information designated as "Confidential" or "Confidential-Attorney's Eyes Only" is revealed, disclosed or made available for inspection (except the persons identified in Paragraphs 8(a) and 8(b) above) shall, prior to having access to such information, sign the Nondisclosure Agreement in the form annexed hereto marked as Exhibit A.

12.     All persons authorized by this Stipulated Protective Order Governing Confidentiality to receive copies of Litigation Materials designated "Confidential" or "Confidential-Attorney's Eyes Only" and/or information therefrom shall maintain such information as "Confidential" or "Confidential-Attorney's Eyes Only" in accordance with this Stipulated Protective Order Governing Confidentiality, and shall use such information solely for the purpose of preparing for and conducting the above–captioned litigation.

13.     All persons authorized to receive "Confidential" or "Confidential-Attorney's Eyes Only" information under this Stipulated Protective Order Governing Confidentiality (other than persons identified in Paragraphs 8(a) and 6(b)) to whom any "Confidential" or "Confidential-Attorney's Eyes Only" materials are furnished, shown or disclosed, shall be given a copy of this Stipulated Protective Order Governing Confidentiality, and shall be bound by its terms.

## INADVERTENT DISCLOSURE

14.     In the event that information designated as "Confidential" or "Confidential-Attorney's Eyes Only" is disclosed to someone not authorized to receive such information under this Stipulated Protective Order Governing Confidentiality, or if a person so authorized breaches any of his or her obligations under this Stipulated Protective Order Governing Confidentiality,

counsel who learns of such unauthorized disclosure or breach shall (to the extent consistent with applicable ethical canons and/or rules) immediately give notice of such unauthorized disclosure or breach to the other counsel of record, disclose the circumstances of the unauthorized disclosure or breach, and take all actions reasonably necessary to mitigate the harm caused by such unauthorized disclosure or breach.

### FILING OF "CONFIDENTIAL" DOCUMENTS

15.     If Litigation Materials designated "Confidential," or "Confidential-Attorney's Eyes Only" or quotes from or references to such materials, are included in papers or motions filed with or otherwise disclosed to the Court, such papers or motions shall be labeled "Confidential—Subject to Protective Order" or "Confidential-Attorney's Eyes Only - Subject to Protective Order." Unless otherwise agreed by counsel, any party seeking to file Litigation Materials designated "Confidential" or "Confidential-Attorney's Eyes Only" shall seek to have such Litigation Materials filed under seal.

16.     Nothing contained herein shall prevent any of the parties from using "Confidential" or "Confidential-Attorney's Eyes Only" information in connection with any motion filed with the Court (as long as motions that contain or refer to "Confidential" or "Confidential-Attorney's Eyes Only" Litigation Materials are filed in accordance with Paragraph 15 above), or in trial, a hearing, or any other proceeding in this action provided that the producing party shall be given seven (7) days notice and either consent for use in trial, hearing or other proceeding has been received from the producing party or an order of court has been entered providing for such use.

17.     Nothing contained herein shall prevent any producing party from seeking further protection with respect to the use of any information designated as "Confidential" in connection with any trial, hearing or other proceeding in this action.

## OBJECTIONS TO DESIGNATIONS OF "CONFIDENTIAL"

18.     If any party (i) objects to the designation of any Litigation Materials as "Confidential" or "Confidential-Attorney's Eyes Only" or (ii) objects to any other party's use of this Stipulated Protective Order Governing Confidentiality, the objecting party shall state the objection by letter to such other party's counsel.  If the parties are then unable to resolve any such objection, any party may move the Court to do so.  Until the Court rules on any such motion, the Litigation Materials shall continue to be deemed "Confidential" or "Confidential-Attorney's Eyes Only" as designated, under the terms of this Stipulated Protective Order Governing Confidentiality, and all other terms and conditions of this Stipulated Protective Order Governing Confidentiality shall remain in full force and effect.

## SUBPOENA BY THIRD PARTY

19.     If any party receives a subpoena or document request from a non–party to this Stipulated Protective Order Governing Confidentiality seeking production or other disclosure of another party's "Confidential" or "Confidential-Attorney's Eyes Only" information, the party upon whom discovery is served shall give written notice to counsel for the party whose material is sought within five (5) business days, identifying the "Confidential" or "Confidential-Attorney's Eyes Only" material sought and enclosing a copy of the subpoena or document request.  Subject to the duty to comply with such subpoena or document request, no production or disclosure of "Confidential" or "Confidential-Attorney's Eyes Only" Litigation Materials shall be made until

the designating party has received a reasonable opportunity to consider or respond to the

subpoena or document request.

## AMENDMENT TO THIS CONFIDENTIALITY
## AGREEMENT AND PROTECTIVE ORDER

20.     The provisions of this Stipulated Protective Order Governing Confidentiality may

be modified at any time by written stipulation of the parties as approved by an Order of Court.

In addition, a party may at any time apply to the Court for modification of this Stipulated

Protective Order Governing Confidentiality pursuant to a motion brought in accordance with the

rules of the Court.

## RESERVATION OF RIGHTS

21.     Nothing contained in this Stipulated Protective Order Governing Confidentiality

shall prevent any party from disclosing its own "Confidential" or "Confidential-Attorney's Eyes

Only" information to any person.

22.     Nothing contained in this Stipulated Protective Order Governing Confidentiality

shall constitute: (a) an admission that any information designated "Confidential" or

Confidential-Attorney's Eyes Only" is, in fact, confidential, even if a party has not objected to

this designation; (b) an agreement by the parties to produce any documents or supply any

information or testimony in discovery not otherwise agreed upon, or required by rules of Court

or by Court Order; (c) a waiver by any person or party of any right to object to or seek a further

protective order with respect to any discovery request in this or in any other action; (d) a waiver

of any claim of immunity or privilege with regard to any testimony, documents or information;

or (e) a waiver by any party of its right to apply to the Court for an order designed to preserve the

confidentiality of its "Confidential" or Confidential-Attorney's Eyes Only" information at trial.

## CONCLUSION OF THE LITIGATION

23.     Within sixty (60) days of the conclusion of this action, including any post–trial motions or appellate proceedings, counsel of record for the parties shall secure the return of all Litigation Materials designated "Confidential" and "Confidential-Attorney's Eyes Only" (and all copies thereof and notes, abstracts or summaries made therefrom) from all persons to whom such materials were disclosed under the terms of this Stipulated Protective Order Governing Confidentiality, and shall either destroy all such materials or return them to counsel for the party who produced such materials.  In the event any such person elects to destroy the materials, he or she shall certify the destruction in writing to counsel for the parties.  Counsel may retain their work product, court filings and official transcripts and exhibits, provided that the party that retains the Litigation Materials designated as "Confidential" and Confidential-Attorney's Eyes Only" continues to treat them in the manner provided herein.

## CONTINUING EFFECT

24.     Insofar as the provisions of this Stipulated Protective Order Governing Confidentiality restrict the use or communication of any document or information produced hereunder, such Order shall continue to be binding after the conclusion of this litigation, except that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of this Stipulated Protective Order Governing Confidentiality and the Court shall retain jurisdiction of all parties bound hereby for the purposes of this Stipulated Protective Order Governing Confidentiality.

BRIAN S. MILLER
UNITED STATES DISTRICT JUDGE

Date: 10-22-08

11